1817.

PERINE
v.
SWAIM.

*CATHARINE PERINE *against* SWAIM and others.

A plaintiff will not be allowed to dismiss his bill, without costs, unless it appears that he had reasonable grounds for filing it.

Proofs taken in a *cross* suit will not be allowed to be read on the hearing in the *original* cause, unless the *parties,* by themselves, or by their privies, by representation, are the same in both causes.

*June* 13th.

PETITION stating that the petitioner's late husband, *Joseph Perine,* and herself, on the 24th of *December,* 1813, filed their bill against *Simon Swaim,* and *Dorothy* his wife. and *John Dunn,* stating, that the defendant *S. S.* the father of the plaintiff, by deed dated 14th of *November,* 1794, conveyed to her, in fee, 90 acres of land in *Richmond* county, and also 9 acres of salt meadow; that she and her husband permitted him to continue in possession; that after the execution of the deed, the defendant *S. S.* married with the defendant *D. S.* That *S. S.* and his wife mismanaged the farm, and committed *waste;* that in 1812, the plaintiffs put their son in possession of part of the farm, and left *S. S.* and wife in possession of the residue. That *Joseph Perine* brought an action of *ejectment* against *S. S.* and the above bill was then filed, the prayer and object of which was, to *stay waste,* and an injunction was granted accordingly. That the ejectment suit was never tried, but abated by the death of *S. S.* That *S. S.* and wife, and *Dunn,* all answered the bill; that the plaintiff, *Joseph Perine,* then died; that, by the answer of the above defendants, they alleged the deed to have been procured by fraud, and to prevent the dower of *Dorothy S.,* and that the deed was never delivered till 1807, when *Joseph Perine* got permission to look at it, and fraudulently kept it. That the plaintiff is sole heir of *S. S.* The answer denied *waste,* and any tenancy; but that a few loads of necessary fire-wood were cut, which was all the waste; that the plaintiff examined no witnesses; that *S. S.* died intestate, and left the plaintiff his sole heir; that in *March,* 1814, *S. S.* exhibited his bill against *Joseph *Perine* and wife, and their son, *S. S. Perine,* in the nature of a *cross bill,* to enjoin the said action of ejectment, and to have the deed cancelled, on the ground of fraud; that *Joseph Perine* died, before answer, viz. on the 16th of *April,* 1814; that the other two defendants answered, and proof was taken on both sides, and publication passed; that *S. S.* died the 16th of *April,* 1816, leaving the plaintiff sole heir, &c. That this last suit being abated, and all the interest vested in the pe-

[ * 476 ]

titioner, it cannot be revived. No proof was taken on the part of the petitioner in the first bill, because the bill was only for an injunction ; but proof was taken in the second bill brought by *S. S.*, and which abated as aforesaid. The petitioner prayed for leave to dismiss the first bill, *without costs*, as there was no use in proceeding, or if not, that the proofs taken in the *cross suit* might be used at the hearing of the first cause.

*Riggs*, in support of the petition, cited 2 *Vernon*, 447. 2 *Vesey*, 679.

*Baldwin*, and *Wallis*, contra. They read the affidavit of *John Dunn*, showing the fraud in procuring the deed, and the oppressions of *Joseph Perine* towards *S. S.*, and that the object was to deprive *Dorothy S.* of her dower ; that by the injunction, reasonable *estovers* were allowed to *S. S.* ; that in the *cross bill Joseph Perine* died, before the benefit of his answer could be procured, and *S. S.* was unable to procure the testimony of *Wm. Sharp*, the subscribing witness, because the witness lived at a distance of 400 miles, and he was too poor to procure his testimony. They read, also, the testimony of *Wm. Sharp*, taken before arbitrators, on the 25th of *October*, 1816, in which he stated that he was a witness, at the request of *S. S.*, who told him, 22 years ago, that he was going to be *married* that night to *Dorothy S.*, then the widow of *Garritson*, and was going to make a deed of gift to his daughter, previously *to his marriage. But *S. S.* said he meant to keep the deed during his life, and that the deed was kept secret ever since.

[ * 477 ]

THE CHANCELLOR. It would be improper to allow the petitioner, *Catharine Perine*, to dismiss her bill without costs, unless I am satisfied that she had some reasonable grounds for the filing of the bill. She and her husband filed this bill in 1813, and principally for the purpose of preventing waste; but the bill prayed relief, and the defendants were called on to answer, and they did answer, and denied all equity in the bill, and set up matter which, if true, showed the claim of the plaintiffs to be groundless and unjust. Issue was joined in the cause, and proof taken on the part of the defendants, but not on the part of the plaintiffs. Surely a plaintiff, under these circumstances, can never withdraw his suit without costs. It is sufficient merely to state the fact, to be convinced of the unreasonableness of the application. The defendants have been put to unnecessary trouble and expense in the defence of a suit most unjustly commenced, if we are

1817.

PERINE
v.
SWAIM.

[ * 478 ]

to credit their allegations, and I have no right to discredit them until the proofs and the merits have been discussed.

The first part of the motion, praying for leave to dismiss the bill without costs, is, therefore, denied.

The other branch of the motion is for leave to use, on the hearing of the cause, the proofs taken in the *cross* bill, filed by *Simon Swaim* against the present plaintiff and her husband. It is true, that the same question of fact was the essential ground of each suit, viz. the question on the validity of a deed executed by *Swaim*, in 1794; but the parties were not the same. The present defendants are *Dorothy Swaim* and *John Dunn*, and they were no parties to the cross bill; and though the question may be the same, yet I apprehend the rule requires that *the parties*, by themselves, or by their privies, by representation, should also be the same, before the depositions taken in one cause can *be used in another. The rule is so laid down in *Wyatt's P. R.* (p. 173.) and in the case cited from 2 *Vern.* 447. The party against whom the deposition was to be used was the same in both causes.

In *Chapmans* v. *Chapmans*, (1 *Munf.* 398.) a record of one suit was held not to be admissible, as evidence in another chancery suit, on the ground that the defendant, and *one of the plaintiffs* in the latter suit, were parties to the former, but that *another plaintiff*, and the person under whom both the plaintiffs jointly claimed, were not parties to the former suit. *Catharine Perine* is here the party in both causes, and she wants to use, in her favor, depositions taken in another cause, in which she was a party, and the defendants were not. This would be against the most plain and ordinary notions of justice. It would be subjecting a party to the pressure of proof, which he had no opportunity to cross-examine or controvert. A fact stated in the affidavit of the defendant *Dunn*, shows how unjustly this would operate in the present case. *Simon Swaim*, the only party in the cross cause, against the present plaintiffs, was old and poor, and unable to procure the testimony of *William Sharp*, who resided at 400 miles distance, and whose testimony was most material to the very gist of the controversy. The proof in that cause was thus very imperfect on the part of *Simon Swaim*, and these defendants ought not to suffer, or be put to any inconvenience from the want of knowledge or ability in *S. Swaim*, to procure full and accurate testimony. They had no concern in his cause, and are not responsible for his acts.

The motion, on both points, is, accordingly, denied, and the question of the costs of this motion reserved, until the

consideration of the final disposition of the costs of this suit.

Motion denied.

N. B. After the judgment was delivered, the plaintiff immediately moved to dismiss her bill, on payment of costs, which was granted.